Court Copy
FILED
JAMES J. VILT, JR. - CLERK
JUN 23 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:19-CR-00042-GNS-1

UNITED STATES OF AMERICA                                     PLAINTIFF

V.

DONAVAN BELL                                                 DEFENDANT

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.   GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant is guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### A. <u>Presumption of Innocence, Burden of Proof, Reasonable Doubt</u>

As you know, the Defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence of guilt. It is just the formal way the Government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are

convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### B. Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence, and my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### C. Direct & Circumstantial Evidence

Now, you have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying

G.S.

a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

D.   **Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(b) Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) Ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

One more point about the witnesses: sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witness was, and how much weight you think his or her testimony deserves. Concentrate on that, not the numbers.

E. **Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty

G.S.

to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II. RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. Below, I will explain the elements of the crime that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the specific crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

# INSTRUCTION NO. 1
## Count 1: Distribution of a Controlled Substance

(1) Count 1 of the Indictment accuses the defendant of distributing methamphetamine. Methamphetamine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) The defendant knowingly or intentionally distributed methamphetamine; and

    (B) The defendant knew at the time of distribution that the substance was a controlled substance.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) The term "distribute" means the defendant delivered or transferred a controlled substance. This term includes the actual, constructive, or attempted transfer of a controlled substance. The term also includes the sale of a controlled substance.

    (B) To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know much methamphetamine he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 2
## Amount of Controlled Substance

(1) The defendant is charged in Count 1 of the indictment with distribution of a controlled substance. You must also find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of greater than five grams of a mixture or substance containing a detectable amount of methamphetamine.

(2) In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

# INSTRUCTION NO. 3
## Count 2: Possession of a Controlled Substance with Intent to Distribute

(1) Count 2 of the Indictment accuses the defendant of possessing methamphetamine with the intent to distribute. Methamphetamine is a controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) That the defendant knowingly or intentionally possessed methamphetamine; and

    (B) That the defendant intended to distribute methamphetamine.

(2) Now I will you more detailed instructions on some of these terms.

    (A) To prove possession, the government must prove the defendant had direct, physical control over the methamphetamine, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove the defendant had possession of the methamphetamine, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

    (B) To prove the defendant "knowingly" possessed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much methamphetamine he possessed. It is enough that the defendant knew that he possessed some quantity of methamphetamine.

GS.

(C) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. To distribute a controlled substance, there need not be an exchange of money.

(D) In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 4
## Amount of Controlled Substance

(1)     The defendant is charged in Count 2 of the indictment with possession of a controlled substance with the intent to distribute. You must also find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of greater than five grams of a mixture or substance containing a detectable amount of methamphetamine.

(2)     In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

# INSTRUCTION NO. 5
## Count 3: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

(1) Count 3 of the indictment accuses the defendant of violating federal law by possessing a firearm in furtherance of a drug trafficking crime. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the defendant committed the crime charged in Count 2. I instruct you that Possession of a Controlled Substance with Intent to Distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

    (B) Second, that the defendant knowingly possessed a firearm.

    (C) Third, that the possession of the firearm was in furtherance of the crime charged in Count 2.

(2) Now I will give you more detailed instructions on some of these terms.

    (A) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

    (B) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

    (C) To prove possession, the government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict. To establish actual possession, the government must prove the defendant had direct, physical control over the firearm, and knew that he had control of it. To establish constructive possession, the government must prove that

the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons. For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(D) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 2. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 2, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

(E) The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### III. JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 10-2, or 2-10, or whatever your vote happens to be. That should stay secret until you are finished.

#### A. Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website to communicate to anyone any information about this case or to conduct any research about this case

until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

B. **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## C. Duty to Deliberate

Now that all the evidence is in—and once the arguments are completed—you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government proved the Defendant guilty beyond a reasonable doubt.

## D. Punishment

If you decide the Government has proved the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

G.S.

### E. Return of Verdict Form

I have prepared a verdict form that you should use to record your verdict as to each charge.

If you decide that the Government has proved the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide the Government has not proved the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### F. Verdict Limited to Charges Against this Defendant

Remember that the Defendant is only on trial for the specific crimes charged in the indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

### G. Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

### H. Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's

17

G.S.

state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in his mind. You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that he intended those results. This, of course, is all for you to decide.

### I. In/On or About

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that certain Counts happened "on or about" a date. The Government does not have to prove that the crime happened on that exact date. But the Government must prove that the crime happened reasonably close to that date.

### J. Statements by Defendant

You have heard evidence that the Defendant made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.

### K. Defendant's Testimony

A defendant has an absolute right not to testify. The fact that the Defendant did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember

that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

L. **Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.